CHIEF JUSTICE WILLIAMS
delivered the opinion of the court.
The appellant, of color, being indicted and convicted of bigamy, seeks a reversal in this court.
It appears from the evidence that on April 2, 1868, he obtained a license from the clerk of the Kenton County Court, in the name of Brown "W. Robinson, to marry Joanna Wade, also of color, and that the rights of matrimony were the same day solemnized by Wm. Lewis, of color, then officiating as a minister of the gospel. These parties lived together as man and wife some three months, when, owing to domestic discord, they separated, never having afterward lived in conjugal relations.
August 5, 1869, appellant, by the name of George Robinson, obtained another license to marry Harriet Capps, of color, and the same day was married to her by Jacob Price, of color, then being pastor of a colored Baptist Church in Covington, and an acting minister of the gospel.
It is proved that Lewis acted and was recognized as a minister, and professed to be authorized to solemnize matrimony, and so did Price; but the latter states that the only authority he had to do so, from any secular source, was a license from an agent- of the Freedmen’s Bureau of the United States for that district, but that he afterward obtained a license from the county court. There is no evidence as to whether Lewis had or not any secular authority. It is insisted that he has not been legally married, and therefore not guilty of the said offense.
By section 2, article 1, chapter 47, 2 Stanton’s Revised *311 Statutes, 4, “marriage is prohibited and declared void when not solemnized or contracted in the presence of an authorized person or society.” By section 7, same article, “ no marriage solemnized before any person professing to have authority therefor shall be invalidated for the want of authority to solemnize marriage, if it is consummated with the full belief of the parties, or either of them, that he had such authority, and that they have been lawfully joined in marriage.” By section 8, “ministers of the gospel and priests of any denomination, in regular communion with any religious society,” may solemnize matrimony. But by section 9 they are required first to obtain a license therefor from the clerk of the county of their residence; and penalties are denounced against any one who shall perform these ceremonies without first having complied with the requisites of the statute and obtained such authority.
Although the second section of this statute, in general terms, denounces marriages not made in the presence of authorized persons or societies, yet the seventh section excepts from its operation such marriage when made in good faith by both or either party, and consummated.
By this seventh section, if the marriage ceremony is pronounced by a person professing to have authority, and such is fully believed to be the case by either party, and then the marriage is consummated, it is to be held as valid; rather, not invalid, because the person pronouncing the ceremony may not have legal authority to do so.
Whether either party might not refuse to recognize such a marriage, and abandon it even after the ceremony and before its full consummation, should the want of authority in the person solemnizing the rights of matrimony become known, is a different question from the one urider consideration. Here both parties seemed fully to *312 rely upon tbe professed authority in both instances, and the marriage was fully consummated by the cohabitation for months, and living as man and wife, in both instances.
The obtainment of the respective license for marriage in different names would seem to indicate that appellant understood the legal responsibilities of such first marriage, and the necessity of some evasion in order to consummate the second one. But, however this may be, we think that this statute so construed meets the evident design of its authors, comports with good order and the best interest of society, and rescues confiding females, both white and black, from deceptions often intended, and sometimes successfully practiced, for their disgrace and ruin.
"Wherefore the judgment of conviction is approved and confirmed.